IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16–15–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| KIRK EDWARD BARSNESS, | |
| Defendant. | |

Before the Court is Defendant Kirk Edward Barsness's Unopposed Motion for Early Termination of Supervision. (Doc. 33.) United States Probation Officer Kade Henderson believes Defendant is a good candidate for early termination of supervised release. (*Id.* at 1.) The United States does not oppose. (*Id.* at 2.) For the reasons below, the Court grants the motion.

## BACKGROUND

On January 5, 2017, Defendant was sentenced for possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Doc. 28.) The Court sentenced Defendant to 60 months of imprisonment, followed by five years of supervised release. (*Id.*) Defendant began serving his term of supervision on August 31, 2020. (Doc. 34 at 3.)

## DISCUSSION

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether to modify conditions or terminate supervision, the Court must consider the relevant factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), which include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to protect the public; and the need to provide defendant with training, medical care, or other correctional treatment; and the relevant provisions of the Sentencing Guidelines. *Id.* § 3582(e); *see also United States v. Gross*, 307 F.3d 1043, 1043 (9th Cir. 2002).

Defendant argues that his supervised release should be terminated because he has been rehabilitated and reintegrated into his community. (Doc. 34 at 11.) Defendant highlights that he has obtained a contractor's license and now owns and operates his own business. (*Id.* at 13.) Defendant has mended relationships with his family. (*Id.*) He attends AA/NA meetings and is committed to maintaining his sobriety. (*Id.* at 17.) The Court notes that since being released from custody in 2020, Defendant has not violated any conditions of his supervised release.

The Court is encouraged by Defendant's rehabilitation and believes Defendant can live a lawful and productive life without supervision.  Specifically, the Court finds that in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," continued supervision of the Defendant is unnecessary.  Accordingly,

IT IS ORDERED that Defendant's Motion (Doc. 34) is GRANTED.  Kirk Edward Barsness's term of supervised release is TERMINATED as of the date of this Order.

DATED this 11th day of March, 2024.

_____
Dana L. Christensen, District Judge
United States District Court